Stuart M. Richter (CA 126231)
stuart.richter@kattenlaw.com
Gregory S. Korman (CA 216931)
gregory.korman@kattenlaw.com
Paul A. Grammatico (CA 246380)
paul.grammatico@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
515 S. Flower St., Suite 1000
Los Angeles, CA 90071-2212
Telephone: 213.443.9017
Facsimile: 213.443.9001

Attorneys for Defendant, Allied Interstate, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL NAPOLES, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED INSTERSTATE LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. 2:17-cv-07815-ODW-PJW<br><br>Hon. Otis D. Wright, II.<br><br>**Allied Interstate, LLC's Answer to Complaint**<br><br>Complaint Filed: October 25, 2017 |

Defendant, Allied Interstate, LLC ("Allied"), through counsel, answers the Complaint ("Complaint") filed by plaintiff, Miguel Napoles, ("Plaintiff"), for itself and no other defendant, as follows:

## INTRODUCTION

1. Allied admits that Plaintiff asserts claims under the referenced statute but denies that Plaintiff is entitled to any relief under said statute.

2. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

3. Allied admits that Plaintiff asserts claims under the referenced statutes but denies that Plaintiff is entitled to any relief under said statutes.

## JURISDICTION AND VENUE

4. Allied admits the Court has jurisdiction.

5. Allied admits the Court has jurisdiction.

6. Allied admits that venue is proper.

## PARTIES

7. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Allied denies.

8. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Allied denies.

9. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

10. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

## FACTUAL ALLEGATIONS

11. Allied denies the allegations in this paragraph.

12. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

13. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Allied denies.

14. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Allied denies.

15. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Allied denies.

16. Allied denies the allegations in this paragraph.

17. Allied denies the allegations in this paragraph.

## FACTUAL ALLEGATIONS - FDCPA

18. Allied admits the allegations in this paragraph.

19. Allied admits the allegations in this paragraph.

20. Allied admits the allegations in this paragraph.

21. Allied denies the allegations in this paragraph.

22. Allied denies the allegations in this paragraph.

## CLASS ALLEGATIONS

23. Allied admits that Plaintiff attempts to assert the action as a class action but denies that any class exists or that the case meets the requirements for class treatment under the Federal Rules.

24. Allied denies the allegations in this paragraph.

25. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

26. Allied denies the allegations in this paragraph.

27. Allied denies the allegations in this paragraph.

28. Allied denies the allegations in this paragraph.

29. Allied denies the allegations in this paragraph.

30. Allied denies the allegations in this paragraph.

31. Allied denies the allegations in this paragraph.

32. Allied denies the allegations in this paragraph.

33. Allied denies the allegations in this paragraph.

## FIRST CAUSE OF ACTION

### (Negligent Violations of the TCPA)

34. Allied re-alleges and incorporates paragraphs 1 through 33 above as if fully set forth herein.

35. Allied denies the allegations in this paragraph.

36. Allied denies the allegations in this paragraph.

37. Allied denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION

### (Knowing and/or Willful Violations of the TCPA)

38. Allied re-alleges and incorporates paragraphs 1 through 37 above as if fully set forth herein.

39. Allied denies the allegations in this paragraph.

40. Allied denies the allegations in this paragraph.

41. Allied denies the allegations in this paragraph.

## THIRD CAUSE OF ACTION

### (Violations of the RFDCPA)

42. Allied re-alleges and incorporates paragraphs 1 through 41 above as if fully set forth herein.

43. Allied denies the allegations in this paragraph.

## FOURTH CAUSE OF ACTION

### (Violations of the FDCPA)

44. Allied re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

45. Allied denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Consent)

1. For its first affirmative defense to all causes of action alleged in the Complaint, Allied alleges that the TCPA claims are barred by the doctrine of consent.

### Second Affirmative Defense

### (Good Faith Defense)

2. For its second affirmative defense, Allied alleges it had a good-faith basis to believe that any calls to the Plaintiff from Allied were made in good faith based on Allied's understanding Plaintiff had provided consent to the creditors on whose behalf Allied sought to collect a debt.

### THIRD AFFIRMATIVE DEFENSE

### (Unintentional Violation/Bona Fide Error)

3. For its third affirmative defense, Plaintiff's claims are barred because any violation by Allied was unintentional and resulted from a good faith error notwithstanding the fact that Allied maintains procedures reasonably adapted to avoid any such error.

### ADDITIONAL POTENTIAL AFFIRMATIVE DEFENSES

Allied reserves the right to amend this Answer and/or allege additional affirmative defenses after conducting further discovery, investigation, research, and analyses.

### PRAYER FOR RELIEF

WHEREFORE, Allied prays for relief as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That judgment be entered in favor of Allied and against Plaintiff;
3. That Allied be awarded attorneys' fees as permitted by statute;
4. That Allied be awarded its costs of suit incurred herein;

///

5

ANSWER TO COMPLAINT

5. Any other relief the Court deems appropriate.

Dated: December 7, 2017

**KATTEN MUCHIN ROSENMAN LLP**
Stuart M. Richter
Gregory S. Korman
Paul A. Grammatico

By: /s/Paul A. Grammatico
Attorneys for defendant,
Allied Interstate, LLC